UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KATILAS, <br><br> Plaintiff <br><br> v. <br><br> CREDIT COLLECTION SERVICES, INC., <br><br> Defendant | ) <br> ) <br> ) <br> ) **Case No.:** <br> ) <br> ) **COMPLAINT AND DEMAND FOR** <br> ) **JURY TRIAL** <br> ) <br> ) **(Unlawful Debt Collection Practices)** <br> ) |

## COMPLAINT

MICHAEL KATILAS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT COLLECTION SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pottstown, Pennsylvania 19464.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a corporation with its principal place of business located at 2 Wells Avenue, Department 9133, Newton, Massachusetts 02459.

8. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), and attempted to collect a "debt" defined by 15 U.S.C. § 1692a(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

12. Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes as Plaintiff does not owe any business debts.

13. Throughout September 2015, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect the alleged debt.

14. Defendant's collectors' calls originated from telephone numbers including, but not limited to, (603) 570-4413. The undersigned has confirmed that this number belongs to Defendant.

15. On September 15, 2015, Plaintiff told Defendant to stop calling, that he could not afford to make payments, and that Defendant should send him a bill.

16. However, Defendant did send anything to Plaintiff and continued to call Plaintiff.

17. Once Defendant was aware that Plaintiff did not wish to be contacted and could not afford to pay the debt, there was no legitimate reason for any additional calls, other than for purpose of harassment.

18. Defendant also failed to send anything in writing to Plaintiff setting

forth his rights pursuant to the FDCPA.

19. Defendant's actions as described herein were taken with the intent to harass, abuse and coerce payments from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

20. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff; and when it continued to call after Plaintiff demanded that it stop contacting him.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

22. A debt collector violates § 1692d(5) by causing telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Defendant violated § 1692d(5) when it placed repeated harassing calls to Plaintiff's cellular telephone causing it to ring continuously with the intent to annoy, abuse, and harass Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692g OF THE FDCPA

24. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

25. Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, MICHAEL KATILAS, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL KATILAS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 5/13/16     By: /s/ Amy L. B. Ginsburg
            Amy L. B. Ginsburg, Esquire
            Kimmel & Silverman, P.C.
            30 East Butler Pike
            Ambler, Pennsylvania 19002
            Phone: (215) 540-8888
            Facsimile: (877) 788-2864
            Email: aginsburg@creditlaw.com